## Eck v. Eck

*McNerney, Page & Vanderlin,* for plaintiff.

*Spencer W. Hill,* for defendant.

GREEVY, J., December 29, 1955.—This is an action in equity instituted by Frank E. Eck, plaintiff, against his father, James A. Eck, defendant, for specific performance of a contract for the sale of a tract of land in the Borough of Montoursville, Lycoming County.

On December 16, 1953, we sustained defendant's motion for a nonsuit and entered a decree of dismissal

of plaintiff's complaint. By stipulation of counsel entered into September 28, 1955, it was agreed that the "nonsuit and decree of dismissal" be stricken from the record and the court was requested to make an adjudication based upon the merits and entire record.

From the testimony we make the following

*Findings of Fact*

1. On or about January 15, 1951, defendant was the owner of an undivided one-fourth interest in a certain seven and a half acre tract of land in the Borough of Montoursville, Lycoming County, fully described in paragraph 3 of the bill and stipulated by counsel as being correct.

2. That on January 15, 1951, defendant was unmarried.

3. That on January 15, 1951, plaintiff represented to defendant that he was the owner of the other three-fourths interest in the property in question and defendant agreed to sell his interest in the property to plaintiff.

4. That the purchase price agreed upon by the parties was $500, $100 paid immediately and the balance of $400 within a week.

5. That defendant signed a receipt and delivered it to plaintiff, which was as follows:

"January 15, 1951.

"Received of Frank Eck one hundred dollars ($100.00) on purchase price of all my interest in land in Formely Tomb farm. Balance of Four Hundred Dollars ($400.00) to be paid upon delivery of deed.

"James Eck."

6. That on January 15, 1951, plaintiff was not the owner of the remaining three-fourths interest in the property but, in fact, only owned a one-fourth interest.

7. That on or before January 25, 1951, defendant informed plaintiff he would not execute the deed.

8. That on March 30, 1951, plaintiff tendered $400 to defendant and presented him a properly prepared deed for his execution.

9. That defendant refused to execute the instrument and accept the money.

10. That the agreement as to the time of delivery of the deed and time of payment of the balance of the purchase price was not included in the receipt.

11. That the receipt is insufficient as a contract for the sale of land for it does not include all of the essential terms of the contract between the parties.

12. That the receipt does not satisfy the statute of frauds and the contract, therefore, is unenforcible.

13. That the oral agreement itself is unenforcible for it does not appear that exclusive and continuous possession was taken under the contract, nor improvements made by the plaintiff.

14. That by the material misrepresentation of plaintiff the transaction is voidable as against plaintiff and is unenforcible in this action against defendant.

15. That there are no equitable considerations which make it impossible to do justice save by a specific performance.

### Discussion

The bases for refusal to comply with the contract are: First, that the receipt in writing was not sufficient to meet the requirements of the statute of frauds. In our opinion filed on December 16, 1953, we upheld this point and now, after careful reconsideration and consideration of the entire record, we are of the same opinion and we adopt and incorporate herein by reference the discussion contained in that opinion. We find that the receipt is incomplete and, therefore, is insufficient as it does not state all the essential terms of the agreement. The contract is unenforcible as it does not comply with the statute of frauds.

The second reason for the refusal to comply with the contract is that it is unenforcible due to the fraud and misrepresentation of the plaintiff. Plaintiff represented that he was the owner of the remaining interest in the land and thereby induced defendant to enter into the agreement which he otherwise would not have done.

Defendant, on direct examination, testified as follows:

"Q. Would you have signed any agreement or agreed to sell him your interest at all if he did not have those other two interests of his two brothers?

"A. No, sir, I would not. . . .

"Q. Would you have sold or agreed to sell him your one-quarter if he had not had those other two shares of the other two brothers?

"No, sir. I wouldn't."

On cross-examination, defendant testified as follows:

"Q. Mr. Eck, are you certain that your son Frank on January 15, when you were talking about this Tomb farmland did not say to you 'I think I can get Walt and Ott to sell me their share'?

"A. He said he had bought their share.

"Q. He said he bought them, he didn't say he thought he would be able to get them?

"A. No, sir. . . .

"Q. You testified on direct examination because Frank said he would keep quiet until you died, that was one of the reasons why you agreed to sell him the land, is that right?

"A. After he told me he had these other shares from his brothers."

It was stipulated by counsel that at the time the receipt was given on January 15, 1951, plaintiff did not own the remaining interest in the land. This was a material misrepresentation as it was such as would likely affect the conduct of a reasonable man with

reference to transactions with other persons and, because of this representation, defendant was induced to enter into this transaction which he would not otherwise have done and which he was under no duty to enter into. Plaintiff's material misrepresentation made this transaction voidable as against plaintiff and is unenforcible in this action: A. L. I. Restatement of the Law of Contracts §§470, 471, 476.

There are no equitable considerations which would support a decree of specific performance. The court makes the following

### Conclusions of Law

1. That the receipt does not satisfy the statute of frauds and, therefore, is unenforcible.

2. That the oral agreement is unenforcible for it does not appear that exclusive possession was taken under the contract nor improvements made by plaintiff.

3. That the agreement is voidable as against plaintiff and unenforcible against defendant because of the material misrepresentation made by plaintiff that he owned the remaining interest in the land, which representation induced defendant to enter into this agreement.

### Order

And now, December 29, 1955, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. That the bill be and hereby is dismissed.

2. That the costs be paid by plaintiff.

The prothonotary is directed to enter this decree nisi and to give notice to the parties, or their counsel of record, of the entry of this decree and if no exceptions are filed within 20 days thereafter, the decree shall be entered as a final decree by the prothonotary as of course.